JULIAN (THAMES LOAN & TRUST CO. v.). See Case No. 13,861.

JULIA SMITH, The (JACKSON v.). See Case No. 7,136.

## Case No. 7,580.

The JULIET C. CLARK v. WELSH et al.

[29 Leg. Int. 28; 9 Phila. 469.]

District Court, E. D. Pennsylvania. Jan. 19, 1872.

CARRIERS—FREIGHT CONTRACT—PARTIAL LOSS OF CARGO.

[A contract of freightage of molasses provided that the freight should be estimated "gross custom-house gauge of cask." Upon arrival of cargo it was found that some of the casks were empty, and some broken. Held, in view of the fact that casks of molasses are often carried at sea with their bungs out to allow fer-

mentation, that freight might be charged on all the casks.]

The following statement of facts is given by the libellants' counsel: The vessel was chartered by S. & W. Welsh, for a voyage from Philadelphia to Trinidad de Cuba and return. By the charter party it was agreed that the vessel was to be provided for the outward voyage with a full cargo or sufficient ballast, and for the homeward voyage a full under deck cargo of sugar or molasses, or both, and the charterers were to pay to the vessel "for outward cargo all foreign port charges at Trinidad, and for homeward cargo forty-six cents for each one hundred pounds of sugar net custom house weight, and, (or) four and three-eighths dollars for each one hundred and ten gallons, gross custom-house gauge, of cask, of molasses delivered, in American gold coin." The charterers put on board a cargo of staves, &c., and the outward bound voyage was made in safety, and the vessel received her homeward cargo. On the return voyage, the between deck cargo was forced from its original stowage and a number of the hogsheads were emptied and several of them broken. Twenty-eight hogsheads (two of them in the lower hold) had lost all of their contents, and fifty-four hogsheads were "in staves." The respondents were unwilling to pay freight on the empty and broken hogsheads, and this action was brought to recover freight on the entire cargo.

Lane & Roney, for libellants.
John Fallon, for respondents.

CADWALADER, District Judge. The interpretation of the contract is to be made with reference to its peculiar subject. The argument for the respondents does not, in this respect, meet the exigency of the question. The question was argued as if molasses were merely to be considered as a liquid liable to extraordinary leakage from fermentation, and the casks were to be considered as merely liable to the consequent loss of contents. This argument overlooks the fact that, in consequence of the liability to such fermentation, the casks are carried by sea with their bungs out. The effect of the voyage is, ordinarily, to empty many of them, and it is known, from experience, that, without any extraordinary stress of weather, casks are often turned with the bungs downward, and that when this occurs the position is very seldom, if ever, righted. The only way, therefore, of obtaining a certain hire for the vessel carrying such a cargo is that which was adopted in this contract; that is, to estimate the freight as if every cask were full, applying the measure to casks which are quite empty as well as to those which are partially so. That this was the purpose of the contract cannot be doubted when the words are properly applied. From a manuscript report of a case before Judge Ware he

may be supposed to have decreed full freight upon such a estimate where a loss of the whole contents had occurred from extraordinary perils of the sea. If such were the question here I might perhaps pause before deciding it. But here the loss of contents occurred from no such extraordinary cause. Decree for libellants with costs.